**IN THE UNITED STATES DISTRICT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

VICTOR CHARLES DONALD, SR.
ADC #099909                                                            PLAINTIFF

v.                                    CASE NO. 4:10-cv-01449-JLH-JJV

BRENNA WILLIS, Parole and Probation
Officer, Faulkner County                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Victor Donald, a pretrial detainee in the Faulkner County Detention Center (FCDC), filed this *pro se* action alleging that Brenna Willis, a Faulkner County Parole and Probation Officer, violated his constitutional rights.  Having reviewed the Complaint, the Court finds this case should be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

## I.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

2

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II.    ANALYSIS

In his Complaint (Doc. No. 2) Plaintiff states that on March 19, 2010, he was released from Osceola RDF after completing a twelve month sentence. Six days after his release, while shopping in Faulkner County, Plaintiff was arrested and charged with theft of property. Plaintiff states he has been unable to bond out due to a probation hold placed on him by Officer Willis. He asserts that Defendant acted outside the scope of her duties and violated his constitutional rights when she placed the probation hold on him.

Plaintiff only seeks to hold Officer Willis liable in her official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's suit is, thus, treated as a suit against Defendant's employer, Faulkner County. Plaintiff must prove that the county, itself, caused the alleged violation of his constitutional rights. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). The Plaintiff must, therefore, present proof establishing that a policy or custom of the county played a part in the alleged violation. *Hafer v. Melo*, 502 U.S. 21, 25, (1991); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Elder-Keep*, 460 F.3d at 986 (8th Cir. 2006).

Plaintiff's allegations fail to support a finding that a county policy or custom caused the

3

alleged violation of his constitutional rights.   Consequently, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted and that his Complaint should be DISMISSED with prejudice.

The Court also finds that Plaintiff's Complaint should be dismissed based on the doctrine of *res judicata*.   Plaintiff previously sued Brenna Willis in both her personal and official capacities in this district.   *Donald v. Reynolds, et. al*, 4:10-cv-01220-JLH.   In that case, the Court found that Defendant Willis was immune from suit and dismissed Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted.   Plaintiff makes slightly different allegations in the instant Complaint but the allegations stem from the same set of facts.

Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994).   The "prior judgment is binding . . . not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . .[and] whether the present action is the same cause of action as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'" *Id.*, quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990).   Because the present case is nearly identical in every respect to the prior case and focuses on the same underlying facts, the Court finds that this case should be dismissed as barred by *res judicata*.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.     Plaintiff's Complaint (Doc. No. 2) is barred by *res judicata* and should be DISMISSED with prejudice.

2.     All pending motions should be denied as moot.

4

3.      Dismissal of Plaintiff's Complaint constitute a "strike" within the meaning of the

Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(G).[1]

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this Order and the accompanying Judgment, would not be taken in good faith.

DATED this <u>19th</u> day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).